## JAMES BENNET, PLAINTIFF IN ERROR,

### v.

## UNITED STATES, DEFENDANT IN ERROR.

In suing out writs of error in criminal cases in this Territory, where service on the United States is necessary, the United States Attorney is the only person on whom service can be made. Service upon his assistant will not avail.

The Legislative Assembly of this Territory having failed to provide any rule of practice in cases where the United States is a party, the rule of practice of the common law, so far modified as to be applicable to our situation, should govern.

ERROR, to the Third Judicial District, holding terms at New Tacoma.

The plaintiff in error was tried and convicted for an offense under the laws of the United States, alleged to have been committed upon the high seas. The indictment contained no allegation that the district in which he was indicted was the one in which he was found or was brought.

It did contain the general allegation that the offense was committed within the jurisdiction of the Court.

After verdict, objection was made to the sufficiency of the indictment.

Service of notice of suing out a writ of error was had upon the Assistant United States Attorney, who conducted the trial. A special appearance was made, with a notice to dismiss for want of jurisdiction in the appellate Court, for the above, among other reasons.

*Struve & Haines*, for Plaintiff in error.

*John B. Allen*, United States Attorney, and *C. H. Hanford*, Assistant United States Attorney, for Defendant in error.

Opinion by HOYT, Associate Justice.

Whatever rule of practice applies in cases of this kind, it is necessary to the perfecting of an appeal that there should have been service upon the United States; and the United States Attorney for this Territory is the only representative thereof upon

whom service could have been made ; and service upon his assistant was not service upon him, and could not therefore bind the said United States; and the writ of error must be dismissed for want of service of notice thereof on the adverse party. It is proper for us to state further, that in our opinion the Legislative Assembly of this Territory has failed to prescribe any rule of practice applicable to cases in which the United States is a party ; and that in the absence of such legislation, the rules of practice as they existed at common law, so far modified as to make them applicable to our institutions and condition, govern in these cases.